**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) | No. 16 CV 10796 |
| Plaintiffs, | ) | Judge |
| v. | ) | Magistrate Judge |
| HUSKY GLASS COMPANY, INC., a Minnesota Corporation, | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, and ARNOLD AND KADJAN, complain against Defendant, **HUSKY GLASS COMPANY, INC.,** as follows:

1. Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its

affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

(d) The Funds serve as the Union's collection agent for union dues.

4. (a) Defendant, **HUSKY GLASS COMPANY, INC. ("HUSKY")**, is a Minnesota corporation engaged in an industry affecting commerce.

(b) **HUSKY** has engaged in an industry affecting commerce within this judicial district. In particular, the economic activity leading to the employee benefit plan contribution delinquency claimed in this complaint took place in the Northern District of Illinois.

5. Since on or before October 1, 2014, **HUSKY** entered into collective bargaining agreements pursuant to which it is required to pay specified wages, plus to make periodic contributions to the Funds and pay dues to the Union on behalf of certain of its employees.

6. **HUSKY** submitted to a fringe benefit contributions audit by the Funds for the period October 1, 2014 through September 30, 2016.

7. The Funds' auditor determined **HUSKY** to be delinquent to the Funds in the following amounts: $15,965.90 in contributions; $716.92 in dues; $2,502.42 in liquidated damages; and $735.00 in audit costs.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. Judgment be entered against **HUSKY** and in favor of Plaintiffs, for charges due on the audit for the period of October 1, 2014 through September 30, 2016, in the amount of $19,920.24.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, as provided in the applicable agreements and ERISA Section 502(g)(2).

C. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS, ARCHICTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

By: s/Andrew S. Pigott
One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD AND KADJAN**
203 N LaSalle, Suite 1650
Chicago, Illinois 60601
(312) 236-0415